## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ‖ | |
| Plaintiff, | ‖ | Case No. 10-MJ-61 |
| vs. | ‖ | ORDER FOR PRETRIAL DETENTION |
| CHRISTOPHER TONY HEGGEBO, | ‖ | |
| Defendant. | ‖ | |

_____

On the 12th day of March, 2010, this matter came on for hearing on the Government's request to have the Defendant detained pending further proceedings. The Government was represented by Assistant United States Attorney Peter E. Deegan, Jr.. The Defendant appeared personally and was represented by his attorney, Stephen A. Swift.

### RELEVANT FACTS

On March 10, 2010, Defendant Christopher Tony Heggebo was charged by Criminal Complaint (docket number 2) with production of child pornography. The issue before the Court at this time is whether Defendant should be detained pending further proceedings. By agreement of the parties, the evidence was submitted by proffer.

Mr. Deegan asked that the Court take judicial notice of the affidavit attached to the criminal complaint. While the Court will not recount the allegations in detail, it is alleged that Defendant produced a video recording of himself touching the genital area of an 8-year-old girl. It is alleged that "there was a part of the video that the male was rubbing himself on her 'down there.'" It is also alleged that Defendant touched the girl's genital area with a vibrator. Mr. Deegan proffered that when questioned at the Anamosa Police Department, Defendant said "it's an adrenalin thing." Defendant told officers that the camera was "already in the room" and he "just turned it on."

According to the pretrial services report, Defendant is 36 years old and has resided in the Cedar Rapids area all of his life. Defendant has never been married, but has three children (ages 19, 18, and 8) from two prior relationships. The children live with their mothers in Cedar Rapids. Prior to his arrest, Defendant was living with his girlfriend in Anamosa. According to the Government's proffer, however, the girlfriend has stated that Defendant cannot return there if released. According to Defendant's proffer, he could live with his mother in Marion.

Prior to his arrest, Defendant was employed unloading trucks at Wal-Mart in Anamosa. Defendant told the pretrial services officer, however, that he would probably lose his job if his employer were notified of the nature of the instant charge. Defendant is in good physical health, but is currently prescribed Aderall as a treatment for attention deficit disorder. Defendant was previously treated for depression.

Defendant admitted that from age 14 until about 6 months ago, he smoked marijuana at least twice a week. Defendant also stated that he consumed alcohol to the point of intoxication at least twice a week from age 21 until September 2008. Defendant denies using alcohol since that time.

Defendant has an extensive prior criminal record, including four convictions for operating a motor vehicle while intoxicated. Defendant has also been convicted of public intoxication on at least three prior occasions. Defendant also has convictions for possession of a controlled substance, possession of drug paraphernalia, domestic abuse assault, disorderly conduct, and interference with official acts.

Defendant has been found in violation of his probation on prior occasions. Between May 2007 and September 2008, Defendant tested positive for marijuana on six occasions and failed to submit to drug testing on seven occasions. Between October 2008 and January 2009, Defendant failed to report for drug testing three times and tested positive for marijuana on two occasions. On January 30, 2009, Defendant was found in contempt of court for violating his probation, and ordered to reside at the Hinzman Center in Cedar Rapids. Before space could open up at the Hinzman Center, however, Defendant violated

his probation again by failing to attend substance abuse treatment on four occasions and committing a new law violation. Defendant was on probation in Linn County and Black Hawk County in January 2010, when the acts giving rise to the instant charge occurred.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with production of child pornography, one of the offenses found in § 3142(f)(1). Also, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety

of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with production of child pornography. The evidence against Defendant is substantial, including admissions made to law enforcement officers. While Defendant has lived in the Cedar Rapids area all of his life, he is unable to return to his girlfriend's house and it is likely that he will lose his employment. Defendant has a long history of drug and alcohol abuse. Defendant also has a substantial criminal record, and has failed to comply with the terms of probation on numerous occasions. Defendant has failed to appear for court proceedings. Defendant

was on probation in two counties at the time when the instant offense was allegedly committed. Defendant appears to have problems controlling his impulses, and the Court has no confidence that he would comply with the terms of any pretrial release order.

The Government has the burden of proof in this regard. It is aided in this case, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e)(3)(E). If the Court finds there is probable cause to believe that the person committed an offense involving a minor victim under 18 U.S.C. § 2251, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. At the instant hearing, the Court found that there is probable cause to believe that the Defendant committed the offense described in the Criminal Complaint. In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained pending further proceedings. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

# ORDER

IT IS THEREFORE ORDERED as follows:

1.     The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2.     The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3.     On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 12th day of March, 2010.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA